Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and CHARLES DEL MONTE, TRUSTEES; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, and its JOINT BOARD OF TRUSTEES; DOUG CHRISTOPHER and JOHN MAGGIORE, TRUSTEES; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN & APPRENTICE TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; DOUG CHRISTOPHER and MARION BOURBOULIS, TRUSTEES; and DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, <br><br>    Plaintiffs, <br><br>         v. <br><br> DI GIROLAMO PAINTING AND DECORATING, INC., a California Corporation; EDWIN MARK DI GIROLAMO, an Individual and *dba* DI GIROLAMO PAINTING & DECORATING, <br><br>    Defendants. | Case No.: C11-3964 WHA <br><br> **NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

- 1 -

**JUDGMENT PURSUANT TO STIPULATION**
P:/Clients/PATCL/DiGirolamo Painting/Pleadings/Judgment Pursuant to Stipulation 092811.doc

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants DI GIROLAMO PAINTING AND DECORATING, INC., a California Corporation; EDWIN MARK DI GIROLAMO, an Individual and *dba* DI GIROLAMO PAINTING & DECORATING, and/or alter egos and/or successor entities ("Defendants"), as follows:

1. Defendants entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. Edwin Mark Di Girolamo, RMO/CEO/President of Defendant Di Girolamo Painting and Decorating, Inc., and as individual Defendant and Owner of the *dba* Defendant Di Girolamo Painting & Decorating, hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court, Oakland; Notice of Assignment to a Magistrate Judge, Consent, Declination; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; Notice of Impending Reassignment to a United States District Court Judge; and Reassignment Order.

3. Defendants have become indebted to the Trust Funds as follows:

///

| Audit (1/1/07-3/31/10) | Contributions | $10,414.29 | |
| --- | --- | --- | --- |
| | 20% Liquidated Damages | $2,082.86 | |
| | Interest (to 7/31/10) | $1,184.86 | |
| | Audit Testing Fees | $1,679.00 | |
| | <Overpayments credit> | <$140.01> | |
| | | | $15,221.00 |
| 5% p/a Interest on Audit (8/1/10-9/28/11) | | | $604.88 |
| 3/11 | Contribution balance | $36.18 | |
| | Liquidated damages | $431.16 | |
| | 5% p/a interest (to 9/28/11) | $2.80 | |
| | | | $470.14 |
| Attorneys' fees (3/12/10-9/23/11) | | | $3,142.50 |
| Cost of filing suit | | | $350.00 |
| **TOTAL** | | | **$19,788.52** |

4.　　Defendants shall *conditionally* pay the amount of **$17,274.50**, representing all above amounts, less liquidated damages in the amount of **$2,514.02**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a)　　Beginning on October 15, 2011, and on or before the <u>15th day of each month</u> thereafter, for a period of twelve (12) months, through September 15, 2012, Defendants shall pay to Plaintiffs the amount of **$1,500.00** per month.

(b)　　Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(c)　　Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from September 29, 2011, at the rate of 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(d)　　Checks shall be made payable to the *Bay Area Painters and Tapers Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs.

(e) At the time that Defendants makes their 11th payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 11th payment. Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendants' account is current.

(f) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendants shall pay all fees and costs regardless of whether or not Defendants default herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the September 15, 2012 stipulated payment.

(g) Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

5. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check*. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6. Beginning with contributions due for hours worked by Defendants' employees during the month of August 2011, due on September 15, 2011 and delinquent if not received by the Trust Funds before the last business day of the month, and for every month thereafter until this Judgment is satisfied, **Defendants shall remain current in contributions** due to Plaintiffs under

1  the current Collective Bargaining Agreement and under all subsequent Collective Bargaining
2  Agreements, if any, and the Declarations of Trust as amended. Defendants shall fax a copy of its
3  contribution report for each month, together with a copy of that payment check, *to Michele R.*
4  *Stafford at 415-882 9287*, prior to sending the payment to the Trust Fund office.

5  Failure to comply with these terms shall also constitute a default of the obligations under
6  this Agreement and the provisions of ¶ 11 shall apply.

7  7. Defendants shall make full disclosure of all jobs on which they are working by
8  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the
9  name and address of the job, the start and completion dates, the identity of General
10 Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the
11 extent that Defendants are working on a Public Works job, or any other job for which Certified
12 Payroll Reports are required, copies of said Reports *will be faxed to Michele R. Stafford*
13 concurrently with their submission to the General Contractor, Owner or other reporting agency.

14 These requirements are concurrent with, and in addition to the requirements set forth above
15 with regard to progress payments. Defendants shall fax said updated list each month (or sooner if
16 required elsewhere herein) together with the contribution report (as required by ¶6 of this
17 Stipulation) *to Michele R. Stafford at 415-882-9287,* on before the 15th day of each month.
18 Attached hereto as *Exhibit A* is a Job Report Form which is to be completed each month.

19 8. Failure to comply with any of the above terms shall constitute a default of the
20 obligations under this Agreement and the provisions of ¶11 shall apply. Any unpaid or late paid
21 contributions, together with 20% liquidated damages and 5% per annum interest accrued on the
22 contributions, pursuant to the Trust Agreements, shall be added to and become a part of this
23 Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the
24 applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of
25 current and future contributions, and for any additional past contributions not included herein as
26 may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other
27 means, and the provisions of this agreement are in addition thereto. Defendants specifically waive
28

the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

9. EDWIN MARK DI GIROLAMO acknowledges that he is the RMO/CEO/President of Defendant Di Girolamo Painting and Decorating, Inc., as well as being an individually named Defendant in the instant matter and doing business as Di Girolamo Painting & Decorating. Edwin Mark Di Girolamo, on behalf of all named Defendants, specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein. Edwin Mark Di Girolamo ("Guarantor") also confirms that he is personally guaranteeing all amounts to be paid in connection with Stipulation, and further acknowledges that any and all successors in interest to Di Girolamo Painting and Decorating, Inc. and Di Girolamo Painting & Decorating, as well as any assigns, and/or affiliated entities and purchasers, shall be contractually bound by the terms of this Stipulation. This shall include any additional entities in which Edwin Mark Di Girolamo is an officer, owner or possesses any ownership interest. All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10. Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs shall advise Defendants, in writing, as to the final lump sum amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation regardless of whether or not Defendants default herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the September 15, 2012 stipulated payment.

11. In the event that Defendants fail to make any payment required under ¶4 above, or fails to remain current in any contributions under ¶6 above or fails to timely provide the monthly documents required by ¶¶6 and 7 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$19,788.52**, as specified in ¶3, plus interest, but reduced by principal payments received from Defendants/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or

late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

    (b) A Writ of Execution may be obtained against Defendants/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantor and the balance due and owing as of the date of default.

    (c) Defendants/Guarantors waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants/Guarantors.

    (d) Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants/Guarantors to Plaintiffs under this Stipulation, whether or not a default occurs herein.

  12. Any failure on the part of the Plaintiffs to take any action against Defendants/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantor of any provisions herein.

  13. In the event of the filing of a bankruptcy petition by the Defendants/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendants/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

  14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendants/Guarantor to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants/Guarantor and all of their control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. Defendants/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Agreement with care and is fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///
///
///
///
///
///
///
///

19. The parties agree that the Court shall retain jurisdiction of this matter ~~until this Judgment is satisfied.~~ **for sixty (60) days.**

| Dated: September 30, 2011 | **DI GIROLAMO PAINTING AND DECORATING, INC.** |
|---|---|
| | By: /S/ Edwin Mark Di Girolamo<br>Edwin Mark Di Girolamo, RMO/CEO/President |
| Dated: September 30, 2011 | **EDWIN MARK DI GIROLAMO *dba* DI GIROLAMO PAINTING & DECORATING** |
| | By: /S/ Edwin Mark Di Girolamo<br>Edwin Mark Di Girolamo, Owner |
| Dated: September 30, 2011 | **EDWIN MARK DI GIROLAMO** |
| | By: /S/ Edwin Mark Di Girolamo<br>Individual Defendant and as Personal Guarantor |
| Dated: October 12, 2011 | **SALTZMAN AND JOHNSON LAW CORPORATION** |
| | By: /S/Michele R. Stafford<br>Michele R. Stafford<br>Attorneys for Plaintiffs<br>Bay Area Painters & Tapers Trust Funds |

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter **for sixty (60) days. THE CLERK SHALL CLOSE THE FILE.**

Dated: October 14, 2011

_____
UNITED STATES DISTRICT COURT JUDGE
WILLIAM ALSUP

## EXHIBIT A

### JUDGMENT PURSUANT TO STIPULATION

*JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the 15th day of each month \*\*\***

**Employer Name: DI GIROLAMO PAINTING AND DECORATING, INC.; DI GIROLAMO PAINTING & DECORATING**

Report for the month of _____  Submitted by: _____

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*\*\*\* Attach additional sheets as necessary \*\*\**